UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:                                                                                                    CASE NO. 12-21266
                                                                                                          CHAPTER 13
BILLY WAYNE DISNEY

DEBTOR

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Debtor's Motion to Avoid Second Mortgage on Real Estate Pursuant to 11 U.S.C. § 506(a) (the "Motion") [Doc. 17] and Old National Bank's (the "Bank") objections thereto. It is necessary to review the procedural context of this dispute.

Procedural Background.

The Debtor filed this Chapter 13 proceeding on June 29, 2012. His bankruptcy schedules list his ownership of real estate located at 512 Courtney Road, Crittenden, Kentucky valued at $70,000.00; and list as personal property, (i) a 2004 Clayton 14 X 50, Single-Wide Mobile Home valued at $10,000.00 and (ii) a 1993 Clay Single-wide Mobile Home 28 X 56, "Debtor's Personal Residence" valued at $23,000.00. He lists the Bank as holding claims secured by first and second mortgages on the real property only; and thus secured (under the Debtor's values) only to the extent of $70,000.00.

On the petition date, Debtor also filed a Chapter 13 plan [Doc. 2] (the "Plan") in which he proposed to (i) avoid one of the Bank's liens under 11 U.S.C. § 522(f); and (ii) pay the Bank's other lien claim by making payments directly to the Bank pursuant to the underlying contract except for the Bank's prepetition arrearage in the estimated amount of $23,666.00 which was to be paid through the Plan. The Bank and its counsel received notice of the Plan. No objection to the Plan was filed and based on the chapter 13 Trustee's recommendation, the Plan was confirmed on September 27, 2012.

In the interim, on July 19, 2012, the Bank filed two proofs of claim: (i) a secured claim in the amount of $76,578.57 (including a prepetition arrearage of $15,119.87) secured by a first mortgage on Debtor's real property [POC 1-1]; and (ii) a secured claim in the amount of $21,422.14 secured by a second mortgage on Debtor's real property [POC 2-1].

Notwithstanding the Plan provision proposing to avoid the Bank's lien, on September 12, 2012, Debtor filed the Motion at issue here that seeks to avoid the Bank's second mortgage "…pursuant to 11 U.S.C. §506(a) as it impairs Debtor's exemption to his real property." The Motion argues that although "…avoidance of unsecured liens through plan confirmation" is permitted by the Sixth Circuit, "…the filing of a motion is required with the Plan to physically remove the lien."

On September 25, 2012, the Bank (still not having objected to the Plan), responded to the Motion arguing that the Debtor undervalued the real property. On October 22, 2012, the Debtor filed a reply clarifying that his appraisal valued the real estate separately ($60,000.00) from the two mobile homes ($25,000.00 and $5,000.00).

The Bank's supplemental response contends that the Debtor is bound by the values he placed on the real property in his earlier (2005) chapter 13 case (Bankr. E.D. Ky. 05-22059 which was eventually dismissed for failure to make plan payments). In that case, the Debtor did not disclose his ownership of his residence mobile home as separate personal property; but rather, included same in his real property value of $136,000.00. The Bank argues that in Debtor's prior chapter 13 case Debtor had proposed to make payments directly to the Bank pursuant to the notes and valued the property at $136,000.00 and as a result, because the Debtor did not separately disclose his ownership of the residence mobile home in the 2005 case, he committed fraud and the doctrine of judicial estoppel prevents the Debtor from now benefitting by limiting the Bank's mortgage to the value of the real estate.

A hearing was held on December 11, 2012, at which the Debtor argued that the mortgage was already avoided pursuant to the terms of the confirmed Plan, and the Bank

2

argued that confirmation had no effect on the avoidance because it had objected to the Motion. The parties were given time to further brief the issues, and thereafter the matter would be deemed submitted.

The Debtor's post-hearing brief argues that the Debtor acted in good faith when he listed the residence mobile home as being part of real property in his prior bankruptcy case and judicial estoppel should not apply:

> 9. Debtor disclosed all of his assets to the Court in his initial filing but because of a novice and basic consumer understanding of real property Debtor inadvertently and in good faith reported his residence which consists of a 1993 Clayton manufactured home as real property when in fact the correct characteristic of the Debtor's residence is that of personal property.

The Bank's post-hearing response contends that the Debtor has not adequately addressed the Bank's judicial estoppel argument.

### Analysis

This Court has jurisdiction pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. § 1409.

This matter presents a procedural quagmire. First, local rules in effect at the time the Plan was filed required any objection to the Plan to be filed on or before August 23, 2012. See E.D. Ky. Bankr. Standing Order 3015 (11-02), Rule 3015-3 (12/7/11). The Bank failed to file an objection to the Plan. A cramdown of a wholly unsecured consensual lien is not prohibited by Section 1322(b)(2) and may be accomplished as part of the plan confirmation process. In re Lane, 280 F.3d 663 (6th Cir. 2002). While other districts may require a separate motion in addition to a plan's treatment to strip an unsecured lien, this district does not. Compare In re Bennett, 312 B.R. 843 (Bankr. W.D. Ky. 2004) (electing to adopt a motion practice to effectuate lien stripping in connection with chapter 13 plans) with In re Hill, 304 B.R. 800 (Bankr. S.D. Ohio 2003) (requiring lien stripping to be effectuated through the chapter 13 plan confirmation process).

The form plan in effect in this district at the time of filing and confirmation, styled

3

"Chapter 13 Plan and Motions," contemplates that both "lien stripping" of wholly unsecured liens and judicial lien avoidance pursuant to Section 522 are to be accomplished via the plan confirmation process.[1] Section II.A.2. "Secured Claims Valued Under §506" of the form plan so provides. Subsection 4 thereof, entitled "Lien Retention" provides generally for the retention of the lien until discharge.

The Debtor, however, treated the Bank's arguably unsecured second mortgage claim under Section II.E "Avoidance of Liens under 11 U.S.C. §522(f)" of the Plan as follows:

> The Debtor moves the Court to avoid the liens of the following creditors under 11 U.S.C. § 522(f). Except to the extent the plan provides otherwise, the allowed claims of such creditors shall be treated as general unsecured claims.
>
> | Secured Creditor | Collateral Description |
> |---|---|
> | Old National Bank | Real estate located at: 512 Courtney Road Crittenden, KY  41030 |

Section 522(f)(1)(A) provides:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –
>
>    (A) A judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); or …

11 U.S.C. § 522(f)(1)(A).

As noted above, the Plan was confirmed on September 27, 2012. It is clear that because the Bank's second mortgage is not a judicial lien, no grounds existed to avoid the lien under the Plan's Section 522 lien avoidance provision. However, the Supreme Court instructs that even if a Bankruptcy Court commits legal error in confirming a plan, the plan remains binding on a creditor with notice. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 130 S.Ct. 1367 (U.S. 2010). Here, it is undisputed that the Bank had notice of the Plan, its provisions are binding on the Bank and the Bank's lien has been avoided.

---

[1] Revised local rules which became effective on January 1, 2013 now require Motions to Avoid Liens pursuant to Section 522(f) to be made by separate motion.

Although the Bank failed to object to plan confirmation, the Debtor's Motion must still be addressed. The Bank's response to the Debtor's Motion was not a timely filed objection to confirmation. As discussed above, the Bank's secured mortgage lien was avoided through the plan confirmation process. The terms of the confirmed plan bind the *Debtor* as well as the creditor. 11 U.S.C. §1327(a). A confirmation order is res judicata of all issues that were or could have been decided at the confirmation hearing and may not be collaterally attacked. In re: Storey, 392 B.R. 266, 270 (6th Cir. BAP 2008).

It is unnecessary to address the Bank's judicial estoppel arguments which are likewise barred by the terms of the confirmed plan.

The foregoing constitutes the Court's findings of fact and conclusions of law. IT IS HEREBY ORDERED that Debtor's Motion [Doc. 17] is DENIED.

COPIES TO:

Debtors
Amanda M. Burgess, Esq.
David T. Reynolds, Esq.
Beverly M. Burden, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Monday, February 11, 2013
(tnw)**